E-FILED
Friday, 02 November, 2007 09:27:09 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHEAL HEARN, et al., | ) |
| Plaintiff | ) |
| | ) |
| vs. | )Case No. _____ |
| | ) |
| CLETUS SHAW, et al., | ) |
| | ) |
| | ) |
| | ) |
| Defendant(s) | ) |

## COMPLAINT

☒42 U.S.C. §1983 (suit against state officials for constitutional violations)

☐28 U.S.C. § 1331 (suit against federal officials for constitutional violations)

☒Other
Under 28 USC 1367 (SUPPLEMENTAL JURISDICTION)

___

*Please note: This form has been created for prisoners but can be adapted for use by non-prisoners.*

Now comes the plaintiff, Micheal Hearn, pro se                , and states as follows:

My current address is: 700 W. Lincoln Ave., Pontiac, Illinois 61764 at Pontiac Correctional Center under the registry number B-82910.

The defendant CLETUS SHAW               , is employed as a state employee and a Lieutenant                               at 700 W. Lincoln Ave., Pontiac, Illinois

The defendant EDDIE JONES               , is employed as a state employee and Warden                               at 700 W. Lincoln Ave., Pontiac, Illinois

The defendant ROGER E. WALKER , is employed as a state employee and Director at P.O. Box 19277, Springfield, Illinois
(62794-9277)

The defendant _____, is employed as _____
_____ at _____
(revised 9/96)

The defendant _____, is employed as _____
_____ at _____

Additional defendants and addresses _____

For additional plaintiffs or defendants, provide the information in the same format as above on a separate page.

**LITIGATION HISTORY**

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?        Yes    ☐    No ☒

If yes, please describe

_____

_____

_____

B. Have you brought any other lawsuits in state or federal court while incarcerated?

Yes    ☒    No ☐

C. If your answer to B is yes, how many? ___I___ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

  1. Parties to previous lawsuit:

     Plaintiff(s)    Micheal Hearn _____

     Defendant(s)  Eldon Kennell, et al., _____

  2. Court (if federal court, give name of district; if state court, give name of county)

United States District Court, Central District of Illinois

3. **Docket Number/Judge**

07-1235/ Judge Baker

4. **Basic claim made**

prison official's infringing on his religious rights.

5. **Disposition (That is, how did the case end. Was the case dismissed? Was it appealed? Is it still pending?)**

Said case is currently pending.

6. **Approximate date of filing of lawsuit** on or about September 13, 2007.

7. **Approximate date of disposition**

pending.

**For additional cases, provide the above information in the same format on a separate page.**

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. **Is there a grievance procedure available at your institution?**  Yes ☒  No ☐

B. **Have you filed a grievance concerning the facts relating to this complaint?**  Yes ☒
No ☐ **If your answer is no, explain why not**

C. **Is the grievance process completed?**  Yes ☒  No ☐

*PLEASE NOTE:  THE PRISON LITIGATION REFORM ACT BARS ANY*

*INCARCERATED PERSON FROM BRINGING SUIT CONCERNING THE CONDITIONS*
*OF HIS CONFINEMENT UNLESS AND UNTIL HE HAS EXHAUSTED AVAILABLE*
*ADMINISTRATIVE REMEDIES.  PLEASE ATTACH COPIES OF MATERIALS*
*RELATING TO YOUR GRIEVANCE.*

## STATEMENT OF CLAIM

Place of the occurrence <u>Pontiac Correctional Center.</u>

Date of the occurrence <u>October 25, 2006, to date.</u>
<u>Correctional Officers T. Lindsey and Salzman;</u>
Witnesses to the occurrence <u>Inmate Ruben Hernandez IDOC No. B-17846</u>
*State here briefly the FACTS that support your case. Describe how EACH defendant is involved.*
*Do not give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph.*
*Unrelated claims should be raised in a separate civil action.*
*THE COURT STRONGLY URGES THAT YOU USE ONLY THE SPACE PROVIDED.*

1. On or about October 25, 2006, plaintiff HEARN personally observed feces on seats and sides of the outdoor toilet facilities on the South Cellhouse Protective Custody exercise yard hereat Pontiac Correctional Center, as a matter of personal knowledge.

2. **FURTHER**, plaintiff personally observed that tolietries nor sinks were available for the usage of said outdoor toliet facilities, on or about October 25, 2006, as a matter of personal knowledge.

3. **FURTHER**, plaintiff personally observed that said outdoor toliet facilities are completely exposed to all weather conditions, consisting of unconventional outhouses that is partially enclosed by brick walls reaching approximately 3 feet in height with the sides exposed to on-lookers, namely, staff of the opposite sex, as a matter of personal knowledge.

4. Plaintiff specifically informed defendant SHAW of the unsanitary conditions the toliet facilities were in, and asked to be allowed to use the indoor

toliet facilities or to be provided with toliet paper because there was not any available, despite the fact that there was approximately 85 to 100 other inmates on the yard sharing two toliets. However, said defendant unreasonably denied plaintiff's requests saying: "People in the army have to shit outside!", which was said in the presence of other inmates, as a matter of personal knowledge.

5. Upon information and belief, Pontiac Correctional Center is a category I maximum security institution, and all protective custody inmates here are required to use an outdoor toliet as described above, when, participating in any of the routinely scheduled exercise yard periods in accordance with an explicit policy of Pontiac Correctional Center or, in alternative with a practice that is so permanent and well-settled at Pontiac Correctional Center that it constitutes a custom or usage with the force of law.

6. Upon information and belief, at all times relevant herein, Menard Correctional Center is a category I maximum security institution that provides enclosed portable toliet facilities respectively for its inmates' usage, when, participating in their routinely scheduled exercise yard periods.

7. Upon information and belief, at all time relevant herein, Stateville Correctional Center is a category I maximum security institution that provides enclosed protable toliet facilities respectively for its inmates' usage, when, participating in their routinely scheduled yard periods.

8. Prior to, October 25, 2006, and subsequent thereafter, plaintiff has personally observed defendant JONES having conversations with inmates on the exercise yard while the aforesaid outdoor toliet facilities were in plain view, on several occassions, as a matter of personal knowledge.

9. On or about October 31, 2006, plaintiff filed a grievance complaining of defendant SHAW's misconduct involving him unreasoanbly refusing to allow the plaintiff to use the indoor toliet facilities or provide toliet paper, despite the fact

-6-

that plaintiff informed him of the unsanitary surrounding the outdoor toliet; the frigid cold; and the lack or want of tolietries, as a matter of personal knowledge and departmental record.[1]

10. Upon information and belief, defendant SHAW admits to denying plaintiff's requests to use the indoor toliet facilities, or to be provided toliet paper but, however claimed his denials were based on a misimpression of the particular manner in which plaintiff had to use the toliet facilities where plaintiff's grievance purports a claim that he needed defecate however plaintiff's Counselor's response indicated that defendant SHAW's response to the plaintiff's grievance was that plaintiff told him he had to urinate, in particular, where said Counselor's response indicated in relevant part that:

"[P]er Lt. Shaw at first you stated you had to urinate," as a matter departmental record.[1]

However, plaintiff's complaints regarding the unsanitary condition and the frigid cold weather conditions he was exposed to using the outdoor toliet facilities, were again disregarded, in particular, where plaintiff's Counselor's response stated in relevant part that:

"[E]ither way, there is a facility on the yard that is available," as a matter of record.[1]

11. On or about February 27, 2008, the institutional Grievance Officer recommended that plaintiff's grievance be denied on the basis of, inter alia, that his complaints were based on his "own claim and personal opinion...without benefit of tangible evidence to verify his accusations," yet such recommendation disregard the fact that plaintiff specifically identified officers and another prisoner that could have verified his claims, as a matter of departmental record.[1]

Footnote 1: A true and correct copy of the plaintiff's October 31, 2006, "COMMITT-ED PERSON GRIEVANCE" is attached and incorporated herein as "EXHIBIT A."

12.  On or about February 28, 2007, defendant JONES approved the above recommendation, despite the fact that staff have repeatedly showed continual indifference to his rights on the face of the record, as a matter of departmental record.[2]

13.  On or about May 21, 2007, the Administrative Review Board recommended that plaintiff's grievance be denied based on their opinion that the "issue was appropriately addressed by the institution administration" and the "charges of staff misconduct...[were] not substantiated,"as a matter of departmental record.[3] However, said Board in recognizing defendant JONES' pre-existing duty to provide tolietries, advised in relevant part that:

> "[W]arden Jones should remind staff that when available, toliet paper
>
> should be supplied to the outside toliet."

Subsequently thereafter, defendant WALKER approved said Board's recommendation and additional directed defendant JONES to "proceed accordingly," as a matter of departmental record.[3]

14.  To date, Pontiac Correctional Center's staff have not made any steps towards making toliet paper available for the outdoor toliet facilities but, to the contrary have confiscated toliet paper from prisoners' cells, as a matter of personal knowledge.

### FIRST CAUSE OF ACTION

15.  At all times relevant to the misconduct complained of herein, defendant CLETUS SHAW, was and is, a state employee, while acting under the color of law and within the scope of his employment as Lieutenant at Pontiac Correctional Center where under his assignment to the South CellHouse he is responsible for the general supervision of staff and inmates at the Protective Custody Unit.  He

---

Footnote 2: Refers to a true and correct copy of the plaintiff's November 3, 2006 "RESPONSE TO COMMITTED PERSON'S GRIEVANCE" is attached and incorporated herein as "EXHIBIT B."

Footnote 3: Refers to a true and correct copy of the plaintiff's May 21, 2007 "RESPONSE TO COMMITTED PERSON'S GRIEVANCE BY Administrative Review Board" is attached and incorporated herein as "EXHIBIT C".

is being sued in his individual capacity.

_____

16.  Plaintiff realleges paragraphs 1 thru 15, as though fully stated and incorporated herein.

17.  As a direct and proximate cause of defendant SHAW's wilful and wanton misconduct, undertaken with deliberate indifference to basic human needs, personal hygienes, unsafe and unsanitary conditions, unnecessary exposure to extremely cold temperatures, prisoners' limited expectation of privacy in their bodies, and the totality thereof, plaintiff was deprived of the following rights:

   (a)  The right of plaintiff to be free from cruel and unusual punish-
        ment, in violation of a right secured under the Eighth Amendment
        of the United States Constitution;

   (b)  The clear statutory right of plaintiff to be free from corporal
        punishment, and due process, in violation of rights secured to
        him under state law and the Fourteenth Amendment of the United
        States Constitution;

   (c)  The clear statutory right of plaintiff to be free from unjusti-
                          interference
        fied with his right to exercise outside his cell, and due process,
        in violation of rights secured to him under state law and the
        Fourteenth Amendment of the United States Constitution.

18.  As a direct and proximate cause of defendant SHAW's above mentioned mis-
conduct, plaintiff has been placed at serious risk of future psychological and phys-
ical injuries by repeated exposure to such unsafe and inhumane conditions, which is
a travesty that has ran its course from October 25, 2006, to date.

## SECOND CAUSE OF ACTION

19. At all times relevant to the misconduct complained of hereinafter, defendant EDDIE JONES, was and is, a state employee, while acting under the color of law and within the scope of his employment as Warden of Pontiac Correctional Center where he is responsible for, inter alia, administers and directs overall programs and activities; formulating policy, procedure, and institutional direct-ive for employees and inmates. He is being sued in his individual and official capacities.

20. Plaintiff realleges paragraphs 1 thru 19, as though fully stated and incorporated herein.

21. As a direct and proximate cause of defendant JONES' wilful and wanton misconduct of repeatedly turning a blind eye to his subordinates' deliberate indifference to basic human needs, plaintiff was deprived of the following rights:

      (a) The right of plaintiff to be free from cruel and unusual punish-ment, in violation of a right secured to him under the Eighth Amendment of the United States Constitution;

      (b) The clear statutory right of plaintiff to be free from corporal punishment, and due process, in violation of rights secured to him under state law and the Fourteenth Amendment of the United States Constitution;

      (c) The clear statutory right to be free from unjustified interference with his right to exercise outside his cell, and due process, in violation of rights secured to him under state law and the Fourteen-th Amendment of the United States Constitution.

22. As a direct and proximate cause of defendant JONES' above mentioned misconduct, plaintiff has been placed at serious risk of future psychological and

-10-

physical injuries by repeated exposure to such unsafe and inhumane conditions,
which is a travesty that has ran its course from October 25, 2006, to date.

23. As a direct and proximate cause of the aforesaid policy or custom of
requiring protective custody inmates to use outdoor toliet facilities that are
ill-equiped to accomodate prisoners' limited expectation of privacy in their
bodies and are exposed to extreme weather conditions, plaintiff and other in-
mates subjected to the above referred policy or custom are being deprived of the
following rights:

> (a) The right of plaintiff and those adversely affected, to a limited
> expectation of privacy in their bodies, rights secured to them
> under the Fourth Amendment of the United States Constitution;
>
> (b) The right of plaintiff, and those adversely affected, to be treat-
> ed equally as other similiarly situated prisoners in a level I
> maximum institutions, rights secured to them under the Fourteenth
> Amendment of the United States Constitution.

24. The plaintiff has no plain, adequate or complete remedy at law to redress
the wrongs described herein. Plaintiff has been and will continue to be irrepar-
ably injured by the conduct of the defendant unless this court grants the declara-
tory and injunctive relief which plaintiff seeks. Also, plaintiff brings this
action for a class of all "protective custody inmates" hereat Pontiac Correctional
Center who, on and after October 25, 2006, was subjected to the above mentioned
policy or custom as part of them being required to use such outdoor toliet facili-
ties during their exercise period outside their cells at Pontiac Correctional Cen-
ter. The proposed class satisfies each of the requirements of Rule 23(a) of the
Federal Rules of Civil Procedure. The relief sought is appropriate damages for
each person subjected to the policy or custom and class certification is appropri-
ate under Rule 23(b)(3).

### THIRD CAUSE OF ACTION

25.  At all times relevant to the misconduct complained of herein, defend-
ant ROGER E. WALKER, was and is, a state employee, while acting under the color
of law and within the scope of his employment as Director of the Illinois Depart-
ment of Corrections where he is responsible for, inter alia, overall administra-
tion of all correctional facilities in the state of Illinois.  He is being sued
in his individual capacity.

───────

26.  Plaintiff realleges paragraphs 1 thru 25, as though fully stated and
incorporated herein.

27.  As a direct and proximate cause of defendant WALKER's wilful and wanton
misconduct of recklessly turning a blind eye to his subordinates' deliberate in-
difference to basic human needs while acting in concert, plaintiff was deprived
of the following rights:

> (a)  The right of plaintiff to be free from cruel and unusual punish-
>       ment, in violation of a right secured to him under the Eighth
>       Amendment of the United States Constitution;
>
> (b)  The clear statutory right of plaintiff to be free from corporal
>       punishment, and due process, rights secured to him under state
>       law, and the Fourteenth Amendment of the United States Constitu-
>       tion;
>
> (c)  The clear statutory right of plaintiff to be free from unjustified
>       interference with his right to exercise outside his cell, and due
>       process, in violation of rights secured to him under state law,
>       and the Fourteenth Amendment of the United States Constitution.

28.  As a direct and proximate cause defendant WALKER's above mentioned mis-
conduct, plaintiff has been placed at serious risk of future psychological and

-12-

physical injuries by repeated exposure to such unsafe and inhumane conditions, which is a travesty that has ran its course from October 25, 2006, to date.

# RELIEF REQUESTED

*(State exactly what relief you want from the court.)*

29.  A declaration that the acts and/or omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

30.  A preliminary and permanent injunction ordering defendant EDDIE JONES to refrain from enforcing a policy or custom of requiring plaintiff and others to use outdoor facilities which are ill-equiped to accomodate prisoners' limited expectation of privacy in their bodies.

31.  Punitive damages in the amount of $100,000.00 against each defendant in their individual capacity.

32.  A judgment in plaintiff's favor in an amount in excess of $100,000.00, and in favor of the proposed class, and grant such relief for each member as may

**JURY DEMAND**              Yes ⊠     No ☐

be appropriate.

**Signed this** 31 St. **day of** OCTOBER ,

19 2007 .

*M.G. Hearn*

( *Signature of Plaintiff)*

| | |
|---|---|
| *Name of Plaintiff:*  MICHEAL HEARN | *Inmate Identification Number:* B-82910 |
| *Address:*  700 W. LINCOLN AVE., PONTIAC, ILLINOIS | *Telephone Number:* N-A |

-14-

EXHIBIT A

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE**

**044253**

| Date: 10-31-06 | Committed Person: (Please Print) Michael G. Hearn | ID#: B82910 |
|---|---|---|

Present Facility: Pontiac

Facility where grievance issue occurred: Pontiac

**NATURE OF GRIEVANCE:**

☐ Personal Property
☒ Staff Conduct
☐ Transfer Denial by Facility

☐ Mail Handling
☐ Dietary
☐ Transfer Denial by Transfer Coordinator

☐ Restoration of Good Time
☐ Medical Treatment

☐ Disability
☐ Other (specify): _____

843

☐ Disciplinary Report: ___/___/___
Date of Report      Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete:** Attach a copy of any pertinent document (such as a Disciplinary Report, Shakedown Record, etc.) and send to:
Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to direct review by the Administrative Review Board.
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor.
Chief Administrative Officer, only if EMERGENCY grievance.
Administrative Review Board, only if the issue involves transfer denial by the Transfer Coordinator, protective custody, involuntary administration of psychotropic drugs, issues from another facility except personal property issues, or issues not resolved by the Chief Administrative Officer.

**Brief Summary of Grievance:** I, Michael G. Hearn, am filing
this grievance for an incident which occurred
on Wednesday October 25, 2006. On the
morning of the 25th I was on the
recreational yard, I then had the urge
to defecate so I went to the gate to
ask officer T. Lindsay, to please ask the
South D.C. desk officer Salzman to
let me go back to my cell to use the
bathroom. Officer Lindsay said he would.

**Relief Requested:** For Lt. Shaw to be suspended 3 day without
pay and for a new policy to be issued allowing
for inmates who need to defecate be allowed inside.

☐ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

M.G. Hearn _____ B82910 _____ 10, 31, 06
Committed Person's Signature          ID#          Date

(Continue on reverse side if necessary)

---

**Counselor's Response (if applicable)**

Date Received: 10, 31, 06

☐ Send directly to Grievance Officer
☐ Outside jurisdiction of this facility. Send to Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277

Response: Per Lt. Shaw at first you stated you had to urinate
either way, there is a facility on the yard that
is available.

J Grayea _____
Print Counselor's Name

_____ 11, 1, 06
Counselor's Signature          Date of Response

---

**EMERGENCY REVIEW**

Date Received: ___/___/___

Is this determined to be of an emergency nature?
☐ Yes; expedite emergency grievance
☐ No; an emergency is not substantiated. Committed person should submit this grievance in the normal manner.

_____
Chief Administrative Officer's Signature

___/___/___
Date

Distribution: Master File; Committed Person          Page 1          DOC 0046 (Eff.10/2001)
(Replaces DC 5657)
Printed on Recycled Paper

**"EXHIBIT A"**

ILLINOIS DEPARTMENT OF CORRECTIONS
**COMMITTED PERSON'S GRIEVANCE** (Continued)

indeed ask Ms. Salzman. He went in the
door and never came back. I then stood
at the gate waiting for another officer
to come outside, instead an inmate
name Ruben Hernandez # B-17846 came
out the door. I asked Mr. Hernandez
to go inside to ask desk officer Salzman
if she would let me in so that I may
be able to defecate. A few moments later
Mr. Hernandez came back out and said
per Lt. Shaw "No."
    I then asked Mr. Hernandez to
go ask Lt. Shaw to come outside, to
the gate, so that I may speak with
him. Mr. Hernandez did this and came
back outside accompanied by Lt. Shaw. I
told Lt. Shaw that I needed to defecate
and he told me that "People in the army
have to s*** outside." Then I
told I needed toliet paper he said he
wouldn't bring me any. Then I told Lt.
Shaw he was wrong to not bring me
toliet paper and to tell me I had to
use the outside toliet in the friged cold
in unsanitary conditions. He then went
inside and never came outside. - End of Grievance -

DOC 0046 (Eff.10/2001).
(Replaces DC 5657)

EXHIBIT B

ILLINOIS DEPARTMENT OF CORRECTIONS
**RESPONSE TO COMMITTED PERSON'S GRIEVANCE**

| Grievance Officer's Report |
|---|

**Date Received:** November 3, 2006     **Date of Review:** February 27, 2007     **Grievance #** (optional): 044253

**Committed Person:** Michael Hearn     **ID#:** B-82910

**Nature of Grievance:** Staff Conduct

**Facts Reviewed:** Offender grieves conduct of a particular Lieutenant (Shaw) in that while on yard, the offender alledges he needed to "defecate". After informing the officers (Salzman & Lindsey) he was informed that Lt. Shaw stated no he could not come back inside. Grievant requestyed to speak to Lt. Shaw who came outside and stated "people in the army have to *** outside". Grievant than alledges he asked him for tollict paper and the Lieutenant would not bring him any. Grievant alledges he told Lt, Shaw " it was wrong to not bring me toliet paper and to tell me I had to use the outide toliet in the frigid cold in unsanitary conditions".

Counselor's response indicates, per Lt. Shaw, that you informed him you had yo urinate. Either way there is a facility on the yard that is available.

This Grievance Officer reviewed the above correspondence and determines the offender has not substantiated his allegations of misconduct by Lt. Shaw in the body of the grievance. Grievant bases his complaint on own claim and personal opinion, denied by staff with explanation, without benefit of tangible evidence to verify his accusations. Grievant's want of verification underminds the solidification of his complaint therefore causing the grievance to he denied for lack of validity.

**Recommendation:** Based upon a total review of all available information, it is the recommendation of this Grievance Officer that the offender's grievance be DENIED as he fails to substantiate his allegations of misconduct by this particular Lieutenant (Shaw) in the contents of the grievance.

Print Grievance Officer's Name     Grievance Officer's Signature

(Attach a copy of Committed Person's Grievance, including counselor's response if applicable)

| Chief Administrative Officer's Response |
|---|

**Date Received:** 2-28-07     ☑ I concur     ☐ I do not concur     ☐ Remand

**Comments:**

Chief Administrative Officer's Signature     Date 2-28-07

| Committed Person's Appeal To The Director |
|---|

I am appealing the Chief Administrative Officer's decision to the Director. I understand this appeal must be submitted within 30 days after the date of the Chief Administrative Officer's decision to the Administrative Review Board, P.O. Box 19277, Springfield, IL 62794-9277. (Attach a complete copy of the original grievance, including the counselor's response, if applicable, and any pertinent documents.)

Committed Person's Signature     ID# B82916     Date 3/12/07

**"EXHIBIT B"**

DOC 0047 (Eff. 10/2001)
(Replaces DC 5657)

**EXHIBIT C**

**Rod R. Blagojevich**
Governor

# Illinois
**Department of**
# Corrections

**Roger E. Walker Jr.**
Director

1301 Concordia Court / P.O. Box 19277/ Springfield, IL  62794-9277 / Telephone: (217) 522-2666 / TDD: (800) 526-0844

May 21, 2007

Michael Hearn
Register No. B82910
Pontiac Correctional Center

Dear Mr. Hearn:

This is in response to your grievance received on March 15, 2007, regarding Staff Conduct (Lt. Shaw, Use of Restroom, 10/25/06), which was alleged to have occurred at Pontiac Correctional Center.  This office has determined the issue will be addressed without a formal hearing.

The Grievance officer's report (044253) and subsequent recommendation dated February 27, 2007 and approval by the Chief Administrative Officer on February 28, 2007 have been reviewed.

Based on a total review of all available information, it is the opinion of this office that the issue was appropriately addressed by the institutional administration.  It is, therefore, recommended the grievance be denied, as charges of staff misconduct are not substantiated. Hearn had the use of an outside toilet. However, Warden Jones should remind staff that when available, toilet paper should be supplied to the outside toilet.

FOR THE BOARD:

Sherry Benton
Administrative Review Board
Office of Inmate Issues

I concur. Warden Jones is to proceed accordingly.

Roger E. Walker Jr.
Director

cc:    Warden Eddie Jones, Pontiac Correctional Center
       Michael Hearn, Register No. B82910

"EXHIBIT C"

STATE OF ILLINOIS      )
                       ) SS
COUNTY OF LIVINGSTON  )

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHEAL HEARN**, et al., <br>        Plaintiff, | ) <br> ) <br> ) <br> ) <br> ) |
| VS. | )   Case No._____ <br> ) <br> ) |
| **CLETUS SHAW**, et al., <br>        Defendant(s). | ) <br> ) <br> ) |

### VERIFICATION OF COMPLAINT

I, Micheal Hearn, do hereby declare and affirm that the following information herein is true and correct in substance and in facts:

1.   That I am the "Plaintiff" in the above-entitled cause, as such, I am fami-
liar with the facts upon which the complaint and supporting document filed herein are based, as a matter of personal knowledge.

2.   That I declare under the penalties of perjury as provided by 28 USC 1746 or 18 USC 1621, that everything contained in the above mentioned complaint is true and correct to the best of my knowledge and belief. I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this 3i St. day of October, 2007.

/s/ *M. G. Hearn*
           Affiant

MICHEAL HEARN (B-82910)
700 W. LINCOLN AVE.,
PONTIAC, ILLINOIS 61764.