E-FILED
Thursday, 06 December, 2007  09:41:15 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL HEARN,
   Plaintiff,

vs.                                                     No. 07-1293

CLETUS SHAW, et.al.,
   Defendants

## ORDER

      This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

      The plaintiff, Michael Hearn, says his constitutional rights were violated at the Pontiac Correctional Center. He has filed his complaint pursuant to 42 U.S.C. §1983 against three defendants including Lieutenant Cletus Shaw, Warden Eddie Jones and Illinois Department of Corrections Director Roger Walker. The plaintiff says he is also asking the court to exercise supplemental jurisdiction, although he does not clearly specify any state law claims.

      The plaintiff says from October 26, 2006 to the present, he has been forced to use an unsanitary toilet in the South Cellhouse Protective Custody exercise yard. The plaintiff says there are approximately 100 inmates sharing two toilets that are covered in feces, provide no protection from the elements and have no toilet paper. The plaintiff says when he has asked if he could use an indoor toilet, his request is denied. Even when the Administrative Review Board stated that officers should make sure that toilet paper was available, no changes were made.

      The plaintiff further claims the toilets are surrounded by brick walls approximately three feet in height and are exposed to all on lookers including female staff members. Finally, the plaintiff says the problems with the outdoor toilets interferes with his right to exercise outside his cell.

      The plaintiff has stated a violation of his Eighth Amendment rights based on the conditions of the outdoor toilets. Although its not clear at this point what impact the problem had on the plaintiff, the court finds the plaintiff has also stated a violation of his Eighth Amendment rights based on the interference with his ability to exercise. The claims against Defendants Shaw and Walker are in their individual capacities. The claims are against Defendant Warden Jones are in his individual and official capacity.

      The court finds that the plaintiff has failed to state a claim based on his general allegation that female staff members and others can see over the walls that surround the outdoor toilets. *See Taylor v Widup,* 2007 WL 3256598 at 2 (N.D. Ind. Nov. 2, 2007). The plaintiff's complaint also fails to

1

articulate any violation of the Fourteenth Amendment or state law. The court declines to exercise supplemental jurisdiction over any potential state law claims. *See* 28 U.S.C. §1367(c). *See also* City of Chicago v. Intern. College of Surgeons, 522 U.S. 156 (1997) (stating that pendent jurisdiction is a matter of discretion); *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997) (noting presumption against retention of supplemental state law claims).

Finally, the court notes that at one point in his complaint, the plaintiff mentions that he is bringing his lawsuit on behalf of all other protective custody inmates. The plaintiff does not mention other plaintiff's in his complaint caption and has not made a motion for class certification. For clarification of the record, the court will not certify this lawsuit as a class action. First, the plaintiff is not represented by an attorney and does not claim that he is personally an attorney. Since absent class members are bound by a judgment whether for or against the class, they are entitled at least to the assurance of competent representation afforded by licensed counsel. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975); *see also Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186, 1187 (E.D.Wis.1983); *Huddleston v. Duckworth*, 97 F.R.D. 512, 514-15 (N.D.Ind.1983)(prisoner proceeding pro se not allowed to act as class representative).

Second, even lawyers may not act both as class representative and as attorney for the class because that arrangement would eliminate the checks and balances imposed by the ability of the class representatives to monitor the performance of the attorney on behalf of the class members. *See e.g.*, *Sweet v. Bermingham*, 65 F.R.D. 551, 552 (1975); *Graybeal v. American Saving & Loan Ass'n*, 59 F.R.D. 7, 13-14 (D.D.C.1973); *see also Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 n. 5 (7th Cir.1977), appeal after remand, 587 F.2d 866 (1978), cert. denied, 445 U.S. 942, 100 S.Ct. 1337, 63 L.Ed.2d 775 (1980); *Conway v. City of Kenosha*, 409 F.Supp. 344, 349 (E.D.Wis.1975)(plaintiff acting both as class representative and as class attorney precludes class certification).

**IT IS THEREFORE ORDERED that**:

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

> **a) the unsanitary and extreme weather conditions in the outside toilets violated the plaintiff's Eighth Amendment rights; and**
>
> **b) the condition of the outside toilets interfered with the plaintiff's ability to exercise in violation of his Eighth Amendment rights.**
>
> **The claims are against Defendants Shaw and Walker in their individual capacities and against Defendant Jones in his individual and official capacity.**

**2) All other claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A. The**

plaintiff has failed to state a violation of his Fourteenth or Fourth Amendment rights. The plaintiff is not representing a class of individuals. In addition, the plaintiff has not articulated a violation of state law. Therefore, the court declines to exercise supplemental jurisdiction over any potential state law claims. *See* 28 U.S.C. §1367(c).

3) This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5) A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6) The defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

    Entered this __6th__  Day of December, 2007.


                            s\Harold A. Baker

                    _____
                            HAROLD A. BAKER
                      UNITED STATES DISTRICT JUDGE