IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL HEARN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 07-1293 |
| CLETUS SHAW, et al., | ) ) ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, EDDIE JONES, by and through his attorney, Lisa Madigan, Attorney General of the State of Illinois, and hereby answers and raises affirmative defenses against the allegations in Plaintiff's Complaint, stating as follows:

### STATEMENT OF CLAIM

1. On or about October 25, 2006, plaintiff Hearn personally observed feces on seats and sides of the outdoor toilet facilities on the South Cellhouse Protective Custody exercise yard here at Pontiac Correctional Center, as a matter of personal knowledge.

**ANSWER:** Defendant Jones lacks sufficient knowledge as to admit or deny the allegations in this paragraph.

2. Further, plaintiff personally observed that toiletries nor sinks were available for the usage of said outdoor toilet facilities, on or about October 25, 2006, as a matter of personal knowledge.

**ANSWER:** Defendant Jones lacks sufficient knowledge as to admit or deny whether toiletries were available on or about October 25, 2006. Defendant Jones admits that there is not a functional sink to wash hands at the outside toilet.

3. Further, plaintiff personally observed that said outdoor toilet facilities are completely exposed to all weather conditions, consisting of unconventional outhouses that

is partially enclosed by brick walls reaching approximately 3 feet in height with the sides exposed to on-lookers, namely, staff of the opposite sex, as a matter of personal knowledge.

**ANSWER:** Defendant Jones admits that outdoor toilet facilities are exposed to weather conditions. Defendant Jones lacks knowledge as to the dimensions of the outdoor toilet. Defendant Jones lacks sufficient knowledge as to admit or deny the remaining allegations in this paragraph.

4. Plaintiff specifically informed defendant Shaw of the unsanitary conditions the toilet facilities were in, and asked to be allowed to use the indoor toilet facilities or to be provided with toilet paper because there was not any available, despite the fact that there was approximately 85 to 100 other inmates on the yard sharing two toilets. However, said defendant unreasonably denied plaintiff's request saying: "People in the army have to shit outside!", which was said in the presence of other inmates, as a matter of personal knowledge.

**ANSWER:** Defendant Jones lacks sufficient knowledge as to admit or deny the allegations in this paragraph.

5. Upon information and belief, Pontiac Correctional Center is a category I maximum security institution, and all protective custody inmates here are required to use an outdoor toilet as described above, when, participating in any of the routinely scheduled exercise yard periods in accordance with an explicit policy of Pontiac Correctional Center or, in the alternative with a practice that is so permanent and well-settled at Pontiac Correctional Center that it constitutes a custom or usage with the force of law.

**ANSWER:** Defendant Jones admits that Pontiac Correctional Center is a maximum security institution. Defendant Jones admits that protective custody inmates are allowed

but not forced to take yard. Defendant Jones admits that yard time is two hours. Defendant Jones denies that all protective custody inmates are required to use the outdoor toilet. Defendant Jones denies the remaining allegations in this paragraph.

6.  Upon information and belief, at all times relevant herein, Menard Correctional Center is a category I maximum security institution that provides enclosed portable toilet facilities respectively for its inmates' usage, when, participating in their routinely scheduled exercise yard periods.

**ANSWER:** Defendant Jones admits that Menard Correctional Center is a category I maximum security institution. Defendant Jones lacks sufficient knowledge as to admit or deny the remaining allegations in this paragraph.

7.  Upon information and belief, at all times relevant herein, Stateville Correctional Center is a category I maximum security institution that provides enclosed portable toilet facilities respectively for its inmates' usage, when, participating in their routinely scheduled yard periods.

**ANSWER:** Defendant Jones admits that Stateville Correctional Center is a category I maximum security institution. Defendant Jones lacks sufficient knowledge as to admit or deny the remaining allegations in this paragraph.

8.  Prior to, October 25, 2006, and subsequent thereafter, plaintiff has personally observed defendant Jones having conversations with inmates on the exercise yard while the aforesaid outdoor toilet facilities were in plain view, on several occasions, as a matter of personal knowledge.

**ANSWER:** Defendant Jones lacks sufficient knowledge as to admit or deny what Plaintiff observed.

9. On or about October 31, 2006, plaintiff filed a grievance complaining of defendant Shaw's misconduct involving him unreasonably refusing to allow the plaintiff to use the outdoor toilet facilities or provide toilet paper, despite the fact that plaintiff informed him of the unsanitary surrounding the outdoor toilet; the frigid cold; and the lack or want of toiletries, as a matter of personal knowledge and departmental record.

**ANSWER:** Defendant Jones admits that Plaintiff filed a grievance on or about October 31, 2006 about using the outdoor toilet.

10. Upon information and belief, defendant Shaw admits to denying plaintiff's requests to use the indoor toilet facilities, or to be provided toilet paper but, however claimed his denials were based on a misimpression of the particular manner in which plaintiff had to use the toilet facilities where plaintiff's grievance purports a claim that he needed defecate however plaintiff's Counselor's response indicated that defendant Shaw's response to the plaintiff's grievance was that plaintiff told him he had to urinate, in particular, where said Counselor's response indicated in relevant part that:

"[P]er Lt. Shaw at first you stated you had to urinate," as a matter of departmental record.

However, plaintiff's complaints regarding the unsanitary condition and the frigid cold weather conditions he was exposed to using the outdoor toilet facilities, were again disregarded, in particular, where plaintiff's Counselor's response stated in relevant part that:

"[E]ither way, there is a facility on the yard that is available," as a matter of record.

**ANSWER:** Defendant Jones admits that Plaintiff's grievance was responded to by the counselor on November 1, 2006. Defendant Jones admits that the quoted portions are

an accurate reflection from Counselor Gragert. Defendant Jones lacks sufficient knowledge as to admit or deny the remaining allegations in this paragraph.

11. On or about February 27, 2007, the institutional Grievance Officer recommended that plaintiff's grievance be denied on the basis of, inter alia, that his complaints were based on his "own claim and personal opinion...without benefit of tangible evidence to verify his accusations," yet such recommendation disregard the fact that plaintiff specifically identified the officers and another prisoner that would have verified his claims, as a matter of departmental record.

**ANSWER:** Defendant Jones admits that Plaintiff's grievance was reviewed on or about February 27, 2007. Defendant Jones admits that the portion in quotes would read in its entirety, "own claim and personal opinion, denied by staff with explanation, without benefit of tangible evidence to verify his accusations." Defendant Jones lacks sufficient knowledge as to admit or deny the remaining allegations in this paragraph.

12. On or about February 28, 2007, defendant Jones approve the above recommendation, despite the fact that staff have repeatedly showed continual indifference to his rights on the face of the record, as a matter of departmental record.

**ANSWER:** Defendant Jones admits that his designee concurred with the review on or about February 28, 2007. Defendant Jones denies the remaining allegations in this paragraph.

13. On or about May 21, 2007, the Administrative Review Board recommended that plaintiff's grievance be denied based on their opinion that the "issue was appropriately addressed by the institution administrative" and the "charges of staff misconduct...[were] not substantiated," as a matter of departmental record. However, said Board in

recognizing defendant Jones' pre-existing duty to provide toiletries, advised in relevant part that:

"[W]arden Jones should remind staff that when available, toilet paper should be supplied to the outside toilet."

Subsequently thereafter, defendant Walker approved said Board's recommendation and additional directed defendant Jones to "proceed accordingly," as a matter of departmental record.

**ANSWER:** Defendant Jones admits that the Administrative Review Board responded to Plaintiff's grievance on May 21, 2007. Defendant Jones admits that the quoted sections are accurate responses from the Administrative Review Board. Defendant Jones lacks sufficient knowledge as to admit or deny the remaining allegations in this paragraph.

14. To date, Pontiac Correctional Center's staff have not made any steps towards making toilet paper available for the outdoor toilet facilities but, to the contrary have confiscated toilet paper from prisoners' cells, as a matter of personal knowledge.

**ANSWER:** Defendant Jones denies that steps have not been made in making sure that toilet paper is available for inmates as inmates are allowed to take toilet paper with them when they are out in yard. Defendant Jones lacks sufficient knowledge as to admit or deny whether inmates have had toilet paper confiscated.

15. At all times relevant to the misconduct complained of herein, defendant Cletus Shaw, was and is, a state employee, while acting under the color of law and within the scope of his employment as Lieutenant at Pontiac Correctional Center where under his assignment to the South Cell House he is responsible for the general supervision of staff and inmates at the Protective Custody Unit. He is being sued in his individual capacity.

**ANSWER:** To the extent that this paragraph requires a response, Defendant Jones lacks sufficient knowledge as to admit or deny the allegations in this paragraph.

16. Plaintiff realleges paragraphs 1 thru 15, as though fully stated and incorporated herein.

**ANSWER:** To the extent that this paragraph requires a response, Defendant Jones lacks sufficient knowledge as to admit or deny the allegations in this paragraph.

17. As a direct and proximate cause of defendant Shaw's wilful and wanton misconduct, undertaken with deliberate indifference to basic human needs, personal hygiene, unsafe and unsanitary conditions, unnecessary exposure to extremely cold temperatures, prisoners' limited expectation of privacy in their bodies, and the totality thereof, plaintiff was deprived of the following rights:

(a) The right of plaintiff to be free from cruel and unusual punishment, in violation of a right secured under the Eighth Amendment of the United States Constitution;

(b) The clear statutory right of plaintiff to be free from corporal punishment, and due process, in violation of rights secured to him under state law and the Fourteenth Amendment of the United States Constitution;

(c) The clear statutory right of plaintiff to be free from unjustified interference with his right to exercise outside his cell, and due process, in violation of rights secured to him under state law and the Fourteenth Amendment of the United States Constitution.

**ANSWER:** To the extent that this paragraph requires a response, Defendant Jones lacks sufficient knowledge as to admit or deny the allegations in this paragraph.

18. As a direct and proximate cause of defendant Shaw's above mentioned misconduct, plaintiff has been placed at serious risk of future psychological and physical

injuries by repeated exposure to such unsafe and inhumane conditions, which is a travesty that has ran its course from October 25, 2006, to date.

**ANSWER:** To the extent that this paragraph requires a response, Defendant Jones lacks sufficient knowledge as to admit or deny the allegations in this paragraph.

19. At all times relevant to the misconduct complained of hereinafter, defendant Eddie Jones, was and is, a state employee, while acting under the color of law and within the scope of his employment as Warden of Pontiac Correctional Center where he is responsible for, inter alia, administers and directs overall programs and activities; formulating policy, procedure, and institutional directive for employees and inmates. He is being sued in his individual and official capacities.

**ANSWER:** Defendant Jones admits that he is a state employee. Defendant Jones admits that he acted under the color of law and within the scope of his employment. Defendant Jones admits that he is being sued in his individual and official capacities.

20. Plaintiff realleges paragraphs 1 thru 19, as though fully stated and incorporated herein.

**ANSWER:** Defendant Jones repeats his answers to paragraphs 1 through 19.

21. As a direct and proximate cause of defendant Jones' wilful and wanton misconduct of repeatedly turning a blind eye to his subordinates' deliberate indifference to basic human needs, plaintiff was deprived of the following rights:

(a) The right of plaintiff to be free from cruel and unusual punishment, in violation of a right secured under the Eighth Amendment of the United States Constitution;

(b) The clear statutory right of plaintiff to be free from corporal punishment, and due process, in violation of rights secured to him under state law and the Fourteenth Amendment of the United States Constitution;

(c)    The clear statutory right of plaintiff to be free from unjustified interference with his right to exercise outside his cell, and due process, in violation of rights secured to him under state law and the Fourteenth Amendment of the United States Constitution.

**ANSWER:** Defendant Jones denies the allegations in this paragraph.

22.    As a direct and proximate cause of defendant Jones' above mentioned misconduct, plaintiff has been placed at serious risk of future psychological and physical injuries by repeated exposure to such unsafe and inhumane conditions, which is a travesty that has ran its course from October 25, 2006, to date.

**ANSWER:** Defendant Jones denies the allegations in this paragraph.

23.    As a direct and proximate cause of the aforesaid policy or custom of requiring protective custody inmates to use outdoor toilet facilities that are ill-equipped to accommodate prisoners' limited expectation of privacy in their bodies and are exposed to extreme weather conditions, plaintiff and other inmates subjected to the above referred policy or custom are being deprived of the following rights:

(a)    The right of plaintiff and those adversely affected, to a limited expectation of privacy in their bodies, rights secured to them under the Fourth Amendment of the United States Constitution;

(b)    The right of plaintiff, and those adversely affected, to be treated equally as other similar situated prisoners in a level I maximum institutions, rights secured to them under the Fourteenth Amendment to the United States Constitution.

**ANSWER:** This allegation appears to have been dismissed by the Court's screening. To the extent that an answer is required, Defendant Jones denies the allegations in this paragraph.

24.     The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein.  Plaintiff has been and will continue to be irreparably injured by the conduct of the defendant unless this court grants the declaratory and injunctive relief which plaintiff seeks.  Also, plaintiff brings this action for a class of all "protective custody inmates" here at Pontiac Correctional Center who, on and after October 25, 2006, was subjected to the above mentioned policy or custom as part of them being required to use such outdoor toilet facilities during their exercise period outside their cells at Pontiac Correctional Center.  The proposed class satisfied each of the required of Rule 23(a) of the Federal Rules of Civil Procedure.  The relief sought is appropriate damages for each person subjected to the policy or custom and class certification is appropriate under Rule 23(b)(3).

**ANSWER:** Defendant Jones denies that the Plaintiff has been injured.  It appears from the court's screening that Plaintiff's request to proceed as a class action has been denied.  To the extent that this paragraph further requires a response, Defendant Jones denies the allegation in this paragraph.

25.     At all times relevant to the misconduct complained of herein, defendants Roger E. Walker, was and is, a state employee, while acting under the color of state law and within the scope of his employment as Director of the Illinois Department of Corrections where he is responsible for, inter alia, overall administration of all correctional facilities in the state of Illinois.  He is being sued in his individual capacity.

**ANSWER:** Defendant Jones admits that Roger E. Walker is the Director of the Illinois Department of Corrections. Defendant Jones lacks sufficient knowledge as to admit or deny the remaining allegations in this paragraph.

26. Plaintiff realleges paragraphs 1 thru 25, as though fully stated and incorporated herein.

**ANSWER:** Defendant Jones repeats his answers to paragraphs 1 through 25.

27. As a direct and proximate cause of defendant Walker's wilful and wanton misconduct of recklessly turning a blind eye to his subordinates' deliberate indifference to basic human needs while acting in concert, plaintiff was deprived of the following rights:

(a) The right of plaintiff to be free from cruel and unusual punishment, in violation of a right secured under the Eighth Amendment of the United States Constitution;

(b) The clear statutory right of plaintiff to be free from corporal punishment, and due process, in violation of rights secured to him under state law and the Fourteenth Amendment of the United States Constitution;

(c) The clear statutory right of plaintiff to be free from unjustified interference with his right to exercise outside his cell, and due process, in violation of rights secured to him under state law and the Fourteenth Amendment of the United States Constitution

**ANSWER:** Defendant Jones lacks sufficient knowledge as to admit or deny the allegations in this paragraph.

28. As a direct and proximate cause of defendant Walker's above mentioned misconduct, plaintiff has been placed at serious risk of future psychological and physical injuries by repeated exposure to such unsafe and inhumane conditions, which is a travesty that has ran its course from October 25, 2006, to date.

**ANSWER:** Defendant Jones lacks sufficient knowledge as to admit or deny the allegations in this paragraph.

**RELIEF REQUESTED**

1. Defendant denies that Plaintiff is entitled to compensatory damages.

2. Defendant denies that Plaintiff is entitled to punitive damages.

3. Defendant denies that any of Plaintiff's constitutional rights were violated.

4. Defendant denies that Plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

Further answering and by way of affirmative defense, Defendant states as follows:

1. At all times relevant to Plaintiff's claims, Defendant acted in good faith in the performance of his official duties and without violating the Plaintiff's clearly established constitutional rights. Defendant is protected from liability by the doctrine of qualified immunity.

2. To the extent that Plaintiff has sued the Defendant in his official capacities, Plaintiff's suit is barred by the Eleventh Amendment.

Respectfully submitted,

EDDIE JONES,

Defendant,

LISA MADIGAN, Attorney General,
State of Illinois,

Attorney for Defendant,

Jacob H. Smith, #6290790
Assistant Attorney General
500 South Second Street
Springfield, IL 62706
(217) 782-9014
Of Counsel.

By: s/Jacob H. Smith
JACOB H. SMITH
Assistant Attorney General

## CERTIFICATE OF SERVICE

    I hereby certify that on February 4, 2008, I electronically filed Defendant's Answer and Affirmative Defenses with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    none

and I hereby certify that on February 4, 2008, I mailed by United States Postal Service, the document to the following non-registered participant:

    Michael Hearn, #B-82910
    Pontiac Correctional Center
    P.O. Box 99
    Pontiac, IL 61764

    Respectfully submitted,

    s/Jacob H. Smith
    Jacob H. Smith, #6290790
    Assistant Attorney General
    500 South Second Street
    Springfield, IL  62706
    Telephone:  (217) 782-9014
    Facsimile:  (217) 524-5091
    jsmith@atg.state.il.us