IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| MICHAEL HEARN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-1293 |
| | ) | |
| CLETUS SHAW, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SHAW'S RESPONSE TO PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COMES the Defendant, CLETUS SHAW, by and through his attorney, Lisa Madigan, Attorney General of the State of Illinois, and in response to Plaintiff's Motion for Summary Judgment, submits the following:

**INTRODUCTION**

Plaintiff, Michael Hearn, is an inmate in the custody of the Illinois Department of Corrections (the "Department") at Pontiac Correctional Center ("Pontiac"). Plaintiff filed a Motion for Partial Summary Judgment arguing that Defendant Shaw violated his Eighth Amendment rights. [Court Document, #20].

**RESPONSE TO PLAINTIFF'S UNDISPUTED MATERIAL FACTS**

**FACTS DEFENDANT DOES NOT DISPUTE**

1. This fact is undisputed as to Defendant Shaw being a lieutenant at Pontiac Correctional Center. It is undisputed that Defendant Shaw has been assigned to the protective custody unit.

2. This fact is undisputed as to Plaintiff filing a grievance on October 31, 2006.

3. This fact is undisputed as to Plaintiff's grievance being responded to by Counselor Gragert. This fact is undisputed that inmates could ask for toilet paper if they wished to use the outside facilities.

4. This fact is undisputed as to there not being a functional sink to wash hands at the outside toilet.

5. This fact is undisputed as to the outside toilet facilities are exposed to weather conditions.

## FACTS DEFENDANT DOES DISPUTE

1. Defendant Shaw disputes that he is responsible for managing any employee that would be of lower rank. (Defendant's Exhibit A, Shaw Affidavit).

3. Defendant Shaw disputes that the Plaintiff asked him to use the indoor facility in order to defecate. (Defendant's Exhibit A, Shaw Affidavit).

4. Defendant Shaw disputes that the Plaintiff asked him to use the indoor facility in order to defecate. (Defendant's Exhibit A, Shaw Affidavit).

5. Defendant Shaw disputes that inmates who use the outside toilet are exposed to extreme temperatures. (Defendant's Exhibit A, Shaw Affidavit).

## FACT DEFENDANT DEEMS IMMATERIAL

2. Plaintiff presented all material elements of his deliberate indifference in his grievance.

## ARGUMENT

Plaintiff argues that Defendant Shaw violated his Eighth Amendment rights by exposing him to unsanitary conditions and extreme weather conditions when he wanted to use the toilet. Defendant Shaw has denied that he did not allow the Plaintiff access to

the indoor toilet in order to defecate. A factual dispute therefore exists that precludes summary judgment for the Plaintiff.

Plaintiff again reiterates the claims in his Complaint that Defendant Shaw was deliberately indifferent when Defendant Shaw did not allow him to go back to his cell on October 25, 2006, so he could use the restroom. (Plaintiff's Motion for Partial Summary Judgment, Affidavit). Plaintiff in his affidavit only alleges that on one day he was denied access to the indoor toilet. Defendant Shaw asserts that this case may be properly disposed of by summary judgment, but denies that Plaintiff is entitled to summary judgment in this case, specifically on qualified immunity.

Plaintiff centers his argument that Defendant Shaw is not entitled to qualified immunity on the basis that under Farmer v. Brennan, the Court stated in part that "all institutions and facilities of the department shall provide every committed person with access to toilet facilities." The Plaintiff interprets this to mean that an inmate should never have to wait to use the restroom and should have unlimited access. This isolated incident that Plaintiff describes, October 25, 2006, does not fall within a constitutional violation. Plaintiff is allowed outside for two hours. Under Wilson v. Seiter, conditions that merely cause inconvenience and discomfort or make confinement unpleasant do not rise to the level of constitutional violation. 501 U.S. at 298. See also, Kendrick v. Freeman, 2008 WL 1816465, 3 (USDC-NDIN, 2008)(holding that an inmate who did not have access to a toilet for hours at a time did not allege a constitutional violation).

Defendant Shaw does not know of any case law that would put him on notice that refusal to allow Plaintiff access to the toilet during his two hour yard privilege would be a constitutional violation; thus, Defendant Shaw would be entitled to qualified immunity.

WHEREFORE, for the above reasons, Defendant respectfully prays that this Honorable Court deny Plaintiff's motion for partial summary judgment.

Respectfully submitted,

CLETUS SHAW,

    Defendant,

LISA MADIGAN, Attorney General
State of Illinois,

    Attorney for Defendant,

By: <u>s/Jacob H. Smith</u>
    Jacob H. Smith, #6290790
    Assistant Attorney General
    500 South Second Street
    Springfield, Illinois  62706
    Phone:  (217) 782-9014
    Fax:  (217) 524-5091
    jsmith@atg.state.il.us

## CERTIFICATE OF SERVICE

      I hereby certify that on June 19, 2008, I electronically filed the foregoing Response to Plaintiff's Motion for Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    none

and I hereby certify that on June 19, 2008, I mailed by United States Postal Service, the document to the following non-registered participants:

    Michael Hearn, #B-82910  
    Pontiac Correctional Center  
    P.O. Box 99  
    Pontiac, IL 61764

                                              By: s/Jacob H. Smith  
                                                    Jacob H. Smith  
                                                      Assistant Attorney General  
                                                      500 South Second Street  
                                                      Springfield, Illinois  62706  
                                                      Phone:  (217) 782-9014  
                                                      Fax:  (217) 524-5091  
                                                      jsmith@atg.state.il.us  
                                                      #6290790

| | |
|---|---|
| STATE OF ILLINOIS ) | Hearn v. Shaw, et. al. |
| ) ss. | USDC-CDIL 07-1293 |
| COUNTY OF LIVINGSTON ) | |

## AFFIDAVIT

I, **Cletus Shaw**, being first duly sworn upon oath, state that I have personal knowledge of the facts set forth herein, that I am competent to testify and if called to testify would state as follows:

1. I am a correctional lieutenant with the Illinois Department of Corrections ("the Department"). I am currently employed at Pontiac Correctional Center ("PCC").

2. My duties include maintaining the safety and security of the correctional institution, assist in the running of movement lines, and other security functions as required.

3. Inmates in protective custody are allowed yard privilege for two hours at a time. Yard privilege is the same time every week. While the inmates are outside, they have access to an outside toilet.

4. Usually inmates use the outside toilet if they have to urinate so that they do not have to go inside during their allowed yard privilege.

5. If an inmate has to defecate, the standard practice is to let him back into his cell. This is because the outside toilet is exposed to weather and certain weather can ruin supplies such as toilet paper.

6. I do not recall Mr. Hearn asking to use the toilet in his cell on October 25, 2006.

7. I have never prevented an inmate in protective custody, who was on yard during his yard privilege, from using the toilet in his cell if he has asked to use the indoor toilet in order to defecate.

**FURTHER AFFIANT SAYETH NOT.**

s/Cletus Shaw
Cletus Shaw

SUBSCRIBED and SWORN
Before me this 18th day of June 2008.

s/Michelle Rae Clark
Notary Public

OFFICIAL SEAL
MICHELLE RAE CLARK
Notary Public - State of Illinois
My Commission Expires Sep. 13, 2008

EXHIBIT A