IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MICHAEL HEARN, pro se,
    Plaintiff,

-vs-           Case No. 07-1293

CLETUS SHAW, et al.,
    Defendant(s).

## PLAINTIFF'S SURREPLY TO DEFENDANT SHAW'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

NOW COMES Plaintiff MICHAEL HEARN, pro se (hereinafter, the "Plaintiff"), and respectfully tenders this Honorable Court the instant "SURREPLY TO DEFENDANT SHAW'S RESPONSE TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT." In support thereof, Plaintiff submits the following:

### INTRODUCTION

Defendant SHAW filed a response to the plaintiff's motion for partial summary judgment. (Court Document #21) Now Plaintiff files the instant SURREPLY to said response.

### SURREPLY TO FACTS DEFENDANT DOES NOT DISPUTE

1. **Response:** This fact is undisputed as to Defendant Shaw being a lieutenant at Pontiac Correctional Center. It is undisputed that Defendant Shaw has been assigned to the protective custody unit.

  **Surreply:** Plaintiff agrees.

2. **Response:** This fact is undisputed as to Plaintiff filing a grievance on October 31, 2006.

  **Surreply:** Plaintiff agrees.

3. **Response:** This fact is undisputed as to Plaintiff's grievance being re-

sponded to by Counselor Gragert. This fact is undisputed that inmates could ask for toilet paper if they wished to use the outside facilities.

**Surreply:** Plaintiff partially agrees with Defendant Shaw's conceding paragraph 3, in particular, where Defendant Shaw's response admits that Plaintiff's grievance was responded to by Counselor Gragert, yet omitted the content of such response which was material to resolving any issue of whether Plaintiff asked ever asked Defendant Shaw to use the indoor toilet facility in order to defecate.

4. **Response:** This fact is undisputed as to there not being a functional sink to wash hands at the outside toilet.

**Surreply:** Plaintiff agrees.

5. **Response:** This fact is undisputed as to the outside toilet facilities are exposed to weather conditions.

**Surreply:** Plaintiff agrees.

### SURREPLY TO FACTS DEFENDANT DOES DISPUTE

1. **Response:** Defendant Shaw disputes that he is responsible for managing any employee that would be lower rank. (Defendant's Exhibit A, Shaw Affidavit).

**Surreply:** Plaintiff objects to such response and assert that by virtue of Defendant Shaw's position as Lieutenant this Court can reasonably infer that he is responsible for managing some employee that would be lower rank, as a legal conclusion.

3. **Response:** Defendant Shaw disputes that the Plaintiff asked him to use the indoor facility in order to defecate. (Defendant's Exhibit A, Shaw Affidavit).

**Surreply:** Plaintiff objects to such response because because Defendant Shaw failed to convert or rebut the Plaintiff's Affidavit, in particular, where although Defendant Shaw claim there is a dispute and refers to his Affidavit, such Affidavit states that he does not recall the Plaintiff asking to use the indoor toilet, and therefore Plaintiff's Affidavit went uncontested. (Plaintiff's Affidavit)

-2-

5. **Response:** Defendant Shaw disputes that inmates who use the outside toilet are exposed to extreme temperatures. (Defendant's Exhibit A, Shaw Affidavit).

**Surreply:** Plaintiff objects on the basis that Defendant's Affidavit is materially and substantially insufficient to support such response or to convert or rebut the Plaintiff's Affidavit, and therefore Plaintiff's Affidavit went uncontested. (Plaintiff's Affidavit).

### SURREPLY TO FACT DEFENDANT DEEMS IMMATERIAL

2. **Response:** Plaintiff presented all material elements of his deliberate indifference in his grievance.

**Surreply:** Plaintiff asserts that the above fact is immaterial in order to fully contextualize the full nature and extent of the inquiry Counselor Gragert used when interviewing Defendant Shaw and his response thereto.

### SURREPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S ARGUMENT

**Defendant's Response to Plaintiff's Argument:**

Plaintiff argues that Defendant Shaw violated his Eighth Amendment rights by exposing him to unsanitary conditions and extreme weather conditions when he wanted to use the toilet. Defendant Shaw has denied that he did not allow the Plaintiff access to the indoor toilet in order to defecate. A factual dispute therefore exist that precludes summary judgment for the Plaintiff.

**Plaintiff's Surreply to Defendant's Response to Plaintiff's Argument:**

Plaintiff assert that Defendant Shaw has correctly states the Plaintiff's claim. However, plaintiff affirmatively asserts that the Defendant's legal conclusion that he has made an adequate denial and thereby created a factual dispute relating to him being asked by the Plaintiff to use the indoor toilet in order to defecate, in particular, where Plaintiff's Affidavit states that based on his personal knowledge he asked Defendant Shaw to use the indoor toilet in order to defecate, yet the Defendant's Affidavit fails to convert or rebut the facts in the Plaintiff's Affidavit, specifically,

-3-

where Defendant's Affidavit states that he does not recall. Thus, there is no factual dispute that exist that would preclude summary judgment for the Plaintiff.

### Defendant's Response to Plaintiff's Argument:

Plaintiff again reiterates the claims in his Complaint that Defendant Shaw was deliberately indifferent when Defendant Shaw did not allow him to go back to his cell on October 25, 2006, so he could use the restroom. (Plaintiff's Motion for Partial Summary Judgment, Affidavit). Plaintiff in his affidavit only alleges that one day he was denied access to the indoor toilet. Defendant Shaw asserts that this case may be properly disposed of by summary judgment, but denies that Plaintiff is entitled to summary judgment in this case, specifically on qualified immunity.

### Plaintiff's Surreply to Defendant's Response to Plaintiff's Argument:

Plaintiff asserts that the Defendant misconstrues his claim to purport that said deliberated indifference claim is based on Defendant Shaw not allowing him to go back to his cell to use the restroom, when in fact, said claim is based on Defendant Shaw's callous disregard to the substantial risk to the Plaintiff's health that he was exposed to by unsanitary and extreme weather conditions while using the outdoor toilet, and such callous disregard to these unsafe conditions was further displayed by Defendant Shaw's refusal to allow the Plaintiff to use the indoor toilet, despite the fact that the latter course would have been an easily accessible alternative to abate the unsafe condition the Plaintiff was subjected to, especially, where exposure to feces and urine; the absence of any functioning sink, soap, and tissue, creates a high risk of diseases, and deminished overall mental health, as a matter of common knowledge. Thus, the Plaintiff is entitled to summary judgment.

### Defendant's Response to Plaintiff's Argument:

Plaintiff centers his argument that Defendant Shaw is not entitled to qualified immunity on the basis that under <u>Farmer v. Brennan</u>, the Court stated in part that

-4-

"all institutions and facilities of the department shall provide every committed person with access to toilet facilities." The Plaintiff interprets this to mean that an inmate should never have to wait to use the restroom and should have unlimited access. This isolated incident that Plaintiff describes, October 25, 2006, does not fall within a constitutional violation. Plaintiff is allowed outside for two hours. Under Wilson v. Seiter, conditions that merely cause inconvenience and discomfort or make confinement unpleasant do not rise to the level of constitutional violation. 501 U.S. at 298. See also, Kendrick v. Freeman, 2008 WL 1816465, 3 (USDC-NDIN, 2008)(holding that an inmate who did not have access to a toilet for hours at a time did not allege a constitutional violation).

**Plaintiff's Surreply to Defendant's Response to Plaintiff's Argument:**

Plaintiff asserts that Defendant Shaw has misstated the law and misconstrues his position, in particular, where Defendant Shaw misquotes Farmer v. Brennan, to state in relevant part: ""all institutions and facilities of the department shall provide every committed person with access to toilet facilities,"" when in fact, the quoted portion derived from a state statute and offered for the purpose of showing that the Defendant was on sufficient notice that his particular conduct was unlawful. Defendant entire response was centered around the Plaintiff's interpretation of this misquote, and therefore should be disregarded.

**Defendant 's Response to Plaintiff's Argument:**

Defendant Shaw does not know of any case law that would put him on notice that refusal to allow Plaintiff access to the toilet during his two hour yard privilege would be a constitutional violation; thus, Defendant Shaw would be entitled to qualified immunity.

**Plaintiff's Surreply to Defendant's Response to Plaintiff's Argument:**

Contrary to Defendant Shaw's position, the Plaintiff assert that the law was clearly established that prisoners should be provided with the minimal civilized

-5-

measures of life necessities, such as: toilet paper, soap, running water and functioning sinks, and sanitary toilet facilities, as well as protection against extreme weather conditions. See Kimbrough v. O'Neil, 523 F.2d 1057, 1058-59 (1975); Mallory v. Cullen, 855 F.2d 442, 44-46 (7th Cir. 1988); Wells v. Franzen, 777 F.2d 1258, 1263-64 (7th Cir. 1985); Isby v. Clark, 100 F.3d 502, 505 (7th Cir. 1996); and Dixon v. Godinez, 114 F.3d 640, 644 (7th Cir. 1997). Therefore, Defendant Shaw is not entitled to qualified immunity.

**WHEREFORE**, for the above reasons, Defendant respectfully prays that this Honorable Court grant Plaintiff's motion for partial summary judgment.

Respectfully submitted,

/s/ *Michael Hearn*
MICHAEL HEARN (B-829-10)

PONTIAC CORRECTIONAL CENTER,
700 W. LINCOLN AVE./
P.O. BOX 99,
PONTIAC, IL. 61764.