E-FILED
Tuesday, 22 July, 2008  01:32:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Michael Hearn,
    Plaintiff,

vs.    07-1293

Cletus Shaw, et al.,
    Defendants.

ORDER

    Before the court is the plaintiff's motion for appointment of counsel [24]. In his motion, the plaintiff asserts that he "has expressed his desire to reach an out of court settlement with the defendants, but he lacks the necessary experience and legal knowledge to adequately negotiate a settlement, especially where the art of negotiating is complex in nature and he would be substantially prejudiced without the assistance of a trained attorney." The plaintiff claims he has made several attempts to obtain the services of an attorney by writing letters. He attaches one rejection letter from The Center for Constitutional Rights.

    In considering plaintiff's motion for appointment of counsel, the court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993). Applying this framework, the court notes that in his motion, the plaintiff says he wrote letters "but to no avail." The plaintiff did not provide the dates that he wrote his letters, nor has he provided a copy of any such letters. The plaintiff's statement is unsupported by adequate documentation to show that he has made reasonable attempt to obtain counsel on his own. The court finds that this plaintiff has not shown this court that he has made reasonable attempts to find counsel on his own. As the plaintiff did not meet the first hurdle, the court need not consider the second.

    Nevertheless, upon review of the plaintiff's submissions in the record, the court concludes that the plaintiff is competent to litigate his own case. The plaintiff's submissions indicate that he has the necessary competence to present his case. The court notes that the plaintiff's court filings are well organized, well written and cite appropriate federal law. His complaint was found sufficient to state claims for alleged violation of his constitutional rights. His submissions are presented in a literate and comprehensible manner. No inference arises from the record that Plaintiff lacks the competence to conduct the relatively straightforward discovery. The court is convinced that the plaintiff is able to coherently set forth his own testimony regarding the facts of his claim. The court believes plaintiff's various filings throughout this ligation demonstrate that he understands both the facts and law upon which his claims are based. The facts alleged in this case are straightforward and there is no indication that

the legal issues are so complex that this plaintiff would be unable to obtain relief without appointment of counsel. In the court's opinion, the present record shows that the plaintiff has the ability to litigate his case without an attorney. His motion for appointment of counsel does not warrant a different conclusion.

It is therefore ordered:

1.  The plaintiff's motion for appointment of counsel [24] is denied.

Enter this 23rd day of July 2008.

                                                /s/ Harold A. Baker
                                                _____
                                                Harold A. Baker
                                                United States District Judge