E-FILED
Tuesday, 29 July, 2008 01:16:40 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MICHAEL HEARN,　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　-vs-　　　　　　　　　　　　　　)　Case No. 07-1293
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
CLETUS SHAW,　　　　　　　　　　　 )
　　　　Defendant(s).　　　　　　　 )

## NOTICE OF COMPLIANCE

The plaintiff MICHAEL HEARN, pro se, and hereby notify this Honorable Court of his **FULL COMPLIANCE** with this Court July 22, 2008 <u>ORDER</u> directing him to answer the Defendants' set of interrogatories within 7 days. Accordingly, plaintiff simultaneously files such answers herewith.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Michael Hearn
　　　　　　　　　　　　　　　　　　　　MICHAEL HEARN
　　　　　　　　　　　　　　　　　　　　B-82910,

　　　　　　　　　　　　　　　　　　　　PONTIAC CORRECTION-
　　　　　　　　　　　　　　　　　　　　AL CENTER,
　　　　　　　　　　　　　　　　　　　　700 W. LINCOLN AVE./
　　　　　　　　　　　　　　　　　　　　P.O. BOX 99,
　　　　　　　　　　　　　　　　　　　　PONTIAC, IL. 61764.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

MICHAEL HEARN,          )
      Plaintiff,   )
                        )
-vs-                    )   Case No. 07-1293
                        )
                        )
CLETUS SHAW,            )
      Defendant(s).  )

PLAINTIFF'S RESPONSE TO DEFENDANTS' INTERROGATORIES* TO PLAINTIFF

The plaintiff MICHAEL HEARN, pro se, and hereby answers the following interrogatories separately and fully in writing under oath and in accordance with Federal Rules of Civil Procedure 33 and in full compliance with this Court's July 22, 2008 ORDER directing the same. In support thereof, plaintiff states as follows:

1. State with specificity all claims made against Defendant Cletus Shaw.

    (a) For each claim, state the specific legal basis, theory or statute upon which you rely for recovery.

    (b) For each claim, state the specific action or inactions of Defendant Shaw relied upon to establish the claim.

    (c) For each claim, state the damages or injuries you suffered as a result of the Defendant's alleged actions.

    (d) For each of the above answers, what evidence do you have to support your claim?

RESPONSE:

    (a) The specific "legal basis" upon which plaintiff rely for recovery is based on an alleged deprivation of his right to decent prison conditions and his right to be free from unjustified interference with the enjoyment of his right to exercise outside of his cell, rights secured

---

*Note: A response to "DEFENDANTS' FIRST SET OF INTERROGATORIES TO PLAINTIFF."

       him under the Eighth Amendment of the United States Constitution, specifically, for being forced to be exposed to **unsanitary** and **extreme weather conditions** while using the outside toilet during his yard period, despite the fact that there was an easily accessible alternative available, namely, to simply allow me to use the indoor toilet.

    (b) The "specific actions or inactions" of Defendant Shaw relied upon to establish the claim where Defendant Shaw was made aware of the unsanitary and extreme weather conditions plaintiff would be exposed to while using the outside toilet during his yard period, yet in callous or reckless disregard for the rights of others, he refused to provide me with toilet paper or to allow me to use the indoor toilet and further with the intent of humiliating me stated in the presence of several prisoners and staff that:"People in the army have to shit outside," in caprious disregard that there were no functioning sinks, soap nor tissue and approximately 85 to 100 prisoners sharing two toilets in the frigid cold.

    (c) The plaintiff seeks punitive damages under the no physical injury exception observed in Calhoun v. DeTella, 319 F.3d 936 (C.A. 7th Ill. (2003)).

    (d) The evidence the plaintiff has to support his claim is the witnesses named in his grievance that were present, as well as the filings on record in the instant case.

2. State with specificity all claims made against Defendant Eddie Jones.

    (a) For each claim, state the specific legal basis, theory or statute upon which you rely for recovery.

    (b) For each claim, state the specific actions or inactions of Defendant Shaw relied upon to establish the claim.

    (c) For each claim, state the damages or injuries you suffered as a result of the Defendant's alleged actions.

    (d) For each of the above answers, what evidence do you have to support your claim?

**RESPONSE:**

    (a) Plaintiff reasserts the legal basis set forth under subparagraph (a) of paragraph 1 herein.

    (b) The specific actions or inactions of Defendant Jones relied upon to establish the claim is that he personally condoned and facilitated Defendant Shaw's misconduct by purposefully ignoring plaintiff's grievance, despite the fact that the record shows staff repeatedly disregarding or ignoring the substance of the plaintiff's complaint and evidence, namely, his witnesses named in the grievance itself (See Vance v. Peters, 97 F.3d 987 (7th Cir. 1996)) and where Defendant Jones was himself callous or recklessly indifferent to the rights of others, in particular, where he was personally responsible for directing or approving any construction within the institution and knew that there was no functioning sinks available at the outside toilets that approximately 450 to 475 prisoners share while defecating and urinating, yet failed to direct his subordinates to provide functioning sinks, despite the fact that he personally knew of the risk prisoner would be exposed to for failing to wash their hands, especially, where he has personally issued a Memorandum letter instructing inmates and staff to wash their hands in 2007.

    (c) The plaintiff seeks punitive damages under the no physical injury exception observed in Calhoun, 319 F.3d 936 (C.A. 7th Ill. (2003)).

    (d) The evidence the plaintiff has to support his claim is departmental record.

3. State with specificity all claims made against Defendant Roger E. Walker.
    (a) For each claim, state the specific legal basis, theory or statute upon which you rely for recovery.
    (b) For each claim, state the specific actions or inactions of the Defendant Walker relied upon to establish the claim.
    (c) For each claim, state the damages or injuries you suffered as a result of the Defendant's alleged actions.
    (d) For each of the above answers, what evidence do you have to support your claim?

   **RESPONSE:**
    (a) Plaintiff reasserts the legal basis set forth under subparagraph (a) of paragraph 1 herein.
    (b) The specific actions or inactions of Defendant Walker relied upon to establish the claim is that Defendant Walker in an exercise of his final decision making authority in an arbitrary and caprious fashion or in gross negligence in managing someone whose conduct he is personally responsible for, and thereby condoning his subordinates' action.
    (c) The plaintiff seeks punitive damages.
    (d) The evidence the plaintiff has in support of his claim is based on or is departmental record.

4. How long are you allowed for recreation/yard privileges?

   **RESPONSE:**

   2 hours.

5. How often are you allowed to go to recreation/yard in given week?

   **RESPONSE:**

   5 days a week.

6. Is recreation or yard at the same time every day?

   **RESPONSE:**

   No.

7.  Can you refuse yard or recreation?

    **RESPONSE:**

    Yes, if you are not given a direct order by an officer. So it is a conditional yes.

8.  I swear under penalty of perjury that the foregoing matter is true and correct as to those matter based on personal knowledge, except for those matter based on information and belief but to the same I believe to be true to the best of my knowledge.

Date: July 25, 2008

/s/ Michael Hearn
Affiant

MICHAEL HEARN
B-82910,

PONTIAC CORRECTINAL CENTER,
700 W. LINCLON AVE./
P.O. BOX 99,
PONTIAC, IL. 61764.