UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL HEARN,
   Plaintiff,

vs.                                    Case No. 07-1293

CLETUS SHAW, et. al.,
   Defendants.

## ORDER

This cause is before the court for consideration of the plaintiff's motion for relief from judgement [d/e 39] and motion to reconsider the February 18, 2007 order granting summary judgement for the defendants. [d/e 41]

A post-judgment motion seeking substantive relief from a judgment must be made pursuant to either Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure. The pro-se plaintiff's motion does not reference either rule. Rule 59(e) motions to alter or amend the judgment must be filed within ten business days of the entry of judgment. *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994), cert. denied, 115 S.Ct. 2558 (1995).

Judgement in this case was entered on February 18, 2009. The plaintiff's first motion was filed on February 24, 2009 and his second motion was filed on February 27, 2009. Both motions were filed within the ten day time frame and therefore the court will consider then Rule 59 motions.

The plaintiff's complaint was filed against three defendants at Pontiac Correctional Center including Lieutenant Cletus Shaw, Warden Eddie Jones and Illinois Department of Corrections Director Roger Walker. The plaintiff alleged that:

> 1) unsanitary and extreme weather conditions in the outside, exercise yard toilets violated the plaintiff's Eighth Amendment rights; and
> 2) the condition of the outside toilets interred with the plaintiff's ability to exercises in violation of the Eighth Amendment.

The plaintiff claimed he had been forced to use the toilets in the South Cell House Protective Custody exercise yard. At summary judgement, the plaintiff only provided evidence that he was forced to use this outside toilet on one day. The plaintiff also had the option not to go outside on this one day. The plaintiff further provided no specific evidence that he was forced to give up yard time on any occasion or that he was unable to exercise in his cell. Finally, the plaintiff presented no evidence that the use of the toilet or any problem with yard time had any impact on his health.

In his first motion, the plaintiff says he was given advice by another inmate that he needed to limit his deposition testimony only to incidents involving his named defendants. Therefore, the plaintiff says in reliance on this advise, he limited his deposition testimony. This is not a basis for granting a motion to reconsider. The plaintiff also does not explain why he failed to provide any additional information in response to the summary judgement motion.

The plaintiff also says he was not given an opportunity to correct this deposition. The plaintiff has previously made this claim to the court and in response, the court gave the plaintiff

additional time to file a response to the pending summary judgement motion so the plaintiff would have the necessary time to review his deposition and point out any inconsistencies. [d/e 32]; September 30, 2008 Text Order.  The first motion to reconsider is therefore denied. [d/e 39]

The plaintiff's second motion to reconsider the plaintiff says the court abused its discretion when it denied the plaintiff's motion for appointment of counsel.  The plaintiff filed two motions for appointment of counsel.  The first motion asked for class certification and an attorney to represent the class. [d/e 9]   The court refused to certify the lawsuit as a class action and denied the plaintiff's motion for counsel.  The court noted that the plaintiff had presented no evidence that he had made reasonable efforts to obtain counsel on his own or that he was effectively precluded for making such efforts.

The plaintiff's second motion for appointment of counsel stated that he had attempted to retain counsel and believed he could not adequately negotiate a settlement without counsel. [d/e 24] The court noted that the plaintiff had still not provided any evidence that he had attempted to retain counsel.  In addition, the court found that the plaintiff had demonstrated that he was competent to represent himself. *See* July 22, 2008 Order.

The plaintiff further says the court abused its discretion when it granted summary judgement without clarifying "whether a shift in the burden had occurred" because the district court has a duty to make sure pro se litigant understands the proceedings.  The plaintiff apparently felt there was some confusion since both parties had filed motions for summary judgement.  The court notes that the court did inform the plaintiff of the procedures involving summary judgement motions.  When the defendants filed their motion, the plaintiff was provided notice explaining summary judgement procedures as well as a copy of Federal Rule of Civil Procedure 56. [d/e 31].   The plaintiff chose to file his own motion for summary judgement.

Finally, the plaintiff says the court abused its discretion when it granted summary judgement based on a lack of physical injury.   The plaintiff is incorrect.  Summary judgement was not granted because there was no physical injury.  This is just one element that was considered by the court in determining whether the claim rose to the level of an Eighth Amendment violation. The second motion to reconsider is also denied. [d/e 41]

**IT IS THEREFORE ORDERED that the plaintiff's motion for relief from judgement [d/e 39] and motion to reconsider the February 18, 2007 order granting summary judgement for the defendants [d/e 41] are both denied.**

Entered this 26th day of August , 2009.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE